**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,
STATE OF FLORIDA,
STATE OF ILLINOIS,
STATE OF MINNESOTA,
COMMONWEALTH OF PENNSYLVANIA, and
STATE OF WISCONSIN,

           Plaintiffs,

      v.

WASTE MANAGEMENT, INC.,

and

ADVANCED DISPOSAL SERVICES, INC.,

          Defendants.

Case No. 1:20-cv-03063  (JDB)

**FINAL JUDGMENT**

WHEREAS, Plaintiffs, United States of America and the States of Florida, Illinois, Wisconsin, and Minnesota and the Commonwealth of Pennsylvania (collectively, the "Plaintiff States"), filed their Complaint on October 23, 2020;

AND WHEREAS, the United States, Plaintiff States, and Defendants, Waste Management, Inc. ("WMI") and Advanced Disposal Services, Inc. ("ADS"), have consented to entry of this Final Judgment without the taking of testimony, without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party regarding any issue of fact or law;

2

AND WHEREAS, Defendants agree to make a divestiture to remedy the loss of competition alleged in the Complaint;

AND WHEREAS, Defendants represent that the divestiture and other relief required by this Final Judgment can and will be made and that Defendants will not later raise a claim of hardship or difficulty as grounds for asking the Court to modify any provision of this Final Judgment;

NOW THEREFORE, it is ORDERED, ADJUDGED, AND DECREED:

## I.   JURISDICTION

The Court has jurisdiction over the subject matter of and each of the parties to this action. The Complaint states a claim upon which relief may be granted against Defendants under Section 7 of the Clayton Act, as amended (15 U.S.C. § 18).

## II.   DEFINITIONS

As used in this Final Judgment:

A.   "Acquirer" or "Acquirers" means GFL or another entity or entities to which Defendants divest the Divestiture Assets.

B.   "WMI" means Defendant Waste Management, Inc., a Delaware corporation with its headquarters in Houston, Texas, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

C.   "ADS" means Defendant Advanced Disposal Services, Inc., a Delaware corporation with its headquarters in Ponte Vedra, Florida, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

D.      "GFL" means GFL Environmental Inc., a Canadian corporation with is headquarters in Ontario, Canada, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

E.      "Disposal" means the business of disposing of waste into disposal sites, including the use of transfer stations to facilitate shipment of waste to other disposal sites.

F.      "MSW" means municipal solid waste. Municipal solid waste is a term of art used to describe solid putrescible waste generated by households and commercial establishments such as retail stores, offices, restaurants, warehouses, and non-manufacturing activities in industrial facilities. MSW does not include special handling waste (e.g., waste from manufacturing processes, regulated medical waste, sewage, and sludge), hazardous waste, or waste generated by construction or demolition sites.

G.      "Small Container Commercial Waste Collection" (or "SCCW Collection") means the business of collecting MSW from commercial and industrial accounts, usually in "dumpsters" (i.e., small containers with one-to-ten cubic yards of storage capacity), and transporting—or "hauling"—that waste to a disposal site, typically by use of a front-end, side-load, or rear-end truck. Typical Small Container Commercial Waste Collection customers include office and apartment buildings and retail establishments (e.g., stores and restaurants).

H.      "Residential Waste Collection" means the business of collecting MSW from residential accounts and transporting—or "hauling"—such waste to a disposal site, typically by use of a rear-end or side-load truck. Typical Residential Waste Collection customers include single-family residences and small apartment buildings.

4

I.      "Roll-Off Waste Collection" means the business of collecting MSW that is stored in twenty-to-forty cubic yard containers from commercial and industrial accounts and transporting that waste to a disposal site, typically by use of a truck with a roll-off trailer attachment.

J.      "Commercial Recycling Collection" means the business of collecting recyclables, which are discarded materials that will be processed and reused, from commercial and industrial accounts and transporting those recyclables to a recycling site (typically called a "materials recovery facility," or "MRF").

K.      "Residential Recycling Collection" means the business of collecting recyclables, which are discarded materials that will be processed and reused, from residential accounts and transporting those recyclables to a recycling site.

L.      "Mixed Collection" or "Co-Collect" means the business of collecting a mixture of commercial waste, residential waste, and/or recycling and transporting such waste and/or recycling to a disposal or recycling site.

M.      "Yard Waste Collection" means the business of collecting organic waste from single-family and small residences and transporting such waste to a disposal site.

N.      "Route" means a group of customers receiving regularly scheduled waste or recycling collection service as of August 25, 2020, including customers from that group for whom service has been suspended due to issues related to COVID-19, and any customers added to that group between August 25, 2020 and the date that the Route is divested to an Acquirer.

O.      "Divestiture Assets" means all of Defendants' rights, titles, and interests in and to:

1.      the transfer stations and landfills listed in Appendix A;

2.     all property and assets, tangible and intangible, wherever located, related to or used in connection with the transfer stations and landfills listed in Appendix A, including but not limited to:

a.     all real property, including but not limited to fee simple interests, real property leasehold interests and renewal rights thereto, improvements to real property, and options to purchase any adjoining or other property, together with all offices, garages, material recovery facilities, and other related facilities;

b.     all tangible personal property, including but not limited to capital equipment, trucks and other vehicles, scales, power supply equipment, and office furniture, materials, and supplies;

c.     all contracts, contractual rights, and customer relationships; and all other agreements, commitments, and understandings, including but not limited to swap agreements;

d.     all licenses, permits, certifications, approvals, consents, and authorizations, and all pending applications or renewals; and

e.     copies of all records and data, including but not limited to customer lists, accounts, credits records, and repair and performance records;

3.     the hauling facilities and Routes listed in Appendix B; and

4.     all property and assets, tangible and intangible, wherever located, related to or used in connection with the Routes listed in Appendix B, including but not limited to:

a.     all real property, including but not limited to fee simple interests, real property leasehold interests and renewal rights thereto, improvements to real property, and

6

options to purchase any adjoining or other property, together with all offices, garages, and related facilities;

   b.   all tangible personal property, including but not limited to capital equipment, trucks and other vehicles (those assigned to Routes, and, at the option of Acquirer, all spare vehicles, containers, and supplies), scales, power supply equipment, and office furniture, materials, and supplies;

   c.   all contracts (except Straddle Contracts), contractual rights, and customer relationships; and all other agreements, commitments, and understandings, including but not limited to swap agreements;

   d.   all licenses, permits, certifications, approvals, consents, and authorizations, and all pending applications or renewals; and

   e.   copies of all records and data, including but not limited to customer lists, accounts, and credits records, and repair and performance records; *provided, however,* that the assets specified in Paragraphs II(O)(4)(a)–(e) above do not include the facilities identified in Appendix C.

   P.   "Straddle Contracts" means customer waste or recycling collection contracts that include a combination of services and/or collection stops included in the Divestiture Assets and services and/or collection stops not included in the Divestiture Assets.

   Q.   "Relevant Personnel" means all full-time, part-time, or contract employees of WMI or ADS, wherever located, involved in the MSW Disposal, Small Container Commercial Waste Collection, Residential Waste Collection, Roll-Off Waste Collection, Commercial Recycling Collection, Residential Recycling Collection, Mixed Collection, or Yard Waste Collection services provided for a Route or facility included in the Divestiture Assets at any time

7

between April 15, 2019, and the date on which the Divestiture Assets are divested to GFL or another Acquirer. The United States, in its sole discretion, will resolve any disagreement regarding which employees are Relevant Personnel.

### III.    APPLICABILITY

A.     This Final Judgment applies to WMI and ADS, as defined above, and all other persons, in active concert or participation with any Defendant, who receive actual notice of this Final Judgment.

B.     If, prior to complying with Section IV and Section V of this Final Judgment, Defendants sell or otherwise dispose of all or substantially all of their assets or of business units that include the Divestiture Assets, Defendants must require any purchaser to be bound by the provisions of this Final Judgment. Defendants need not obtain such an agreement from the Acquirers.

### IV.    DIVESTITURES

A.     Defendants are ordered and directed, within thirty (30) calendar days after the Court's entry of the Asset Preservation Stipulation and Order in this matter, to divest the Divestiture Assets in a manner consistent with this Final Judgment to GFL or an alternative Acquirer acceptable to the United States, in its sole discretion, after consultation with the Plaintiff States. The United States, in its sole discretion, may agree to one or more extensions of this time period, not to exceed sixty (60) calendar days in total, and will notify the Court of any extensions.

B.     Defendants must use their best efforts to divest the Divestiture Assets as expeditiously as possible and may not take any action to impede the permitting, operation, or divestiture of the Divestiture Assets.

8

C.      Unless the United States otherwise consents in writing, divestiture pursuant to this Final Judgment must include the entire Divestiture Assets and must be accomplished in such a way as to satisfy the United States, in its sole discretion, after consultation with the Plaintiff States, that the Divestiture Assets can and will be used by Acquirer as part of a viable, ongoing MSW Disposal business and a viable, ongoing Small Commercial Container Waste Collection business and that the divestiture to Acquirer will remedy the competitive harm alleged in the Complaint.

D.      The divestiture must be made to an Acquirer that, in the United States' sole judgment, after consultation with the Plaintiff States, has the intent and capability (including the necessary managerial, operational, technical, and financial capability) to compete effectively in the business of MSW Disposal and Small Container Commercial Waste Collection.

E.      The divestiture must be accomplished so as to satisfy the United States, in its sole discretion, after consultation with the Plaintiff States, that none of the terms of any agreement between Acquirer and Defendants give Defendants the ability unreasonably to raise Acquirer's costs, to lower Acquirer's efficiency, or otherwise to interfere in the ability of Acquirer to compete effectively.

F.      Divestiture of the Divestiture Assets may be made to one or more Acquirers, provided that it is demonstrated to the sole satisfaction of the United States, after consultation with the Plaintiff States, that the criteria required by Paragraphs IV(C), IV(D), and IV(E) will still be met.

G.      In the event Defendants are attempting to divest the Divestiture Assets to an Acquirer other than GFL, Defendants promptly must make known, by usual and customary means, the availability of the Divestiture Assets. Defendants must inform any person making an

9

inquiry regarding a possible purchase of the Divestiture Assets that the Divestiture Assets are being divested in accordance with this Final Judgment and must provide that person with a copy of this Final Judgment. Defendants must offer to furnish to all prospective Acquirers, subject to customary confidentiality assurances, all information and documents relating to the Divestiture Assets that are customarily provided in a due-diligence process; *provided, however,* that Defendants need not provide information or documents subject to the attorney-client privilege or work-product doctrine. Defendants must make all information and documents available to Plaintiffs at the same time that the information and documents are made available to any other person.

H.     Defendants must provide prospective Acquirers with (1) access to make inspections of the Divestiture Assets; (2) access to all environmental, zoning, and other permitting documents and information; and (3) access to all financial, operational, or other documents and information customarily provided as part of a due diligence process. Defendants also must disclose all encumbrances on any part of the Divestiture Assets, including on intangible property.

I.     Defendants must cooperate with and assist Acquirer to identify and hire all Relevant Personnel.

1.     Within ten (10) business days following the filing of the Complaint in this matter, Defendants must identify all Relevant Personnel to Acquirer and Plaintiffs, including by providing organization charts covering all Relevant Personnel.

2.     Within ten (10) business days following receipt of a request by Acquirer or the United States, Defendants must provide to Acquirer and Plaintiffs the following additional information related to Relevant Personnel: name; job title; current salary and benefits including

most recent bonus paid, aggregate annual compensation, current target or guaranteed bonus, if any, any retention agreement or incentives, and any other payments due to or promises made to the employee; descriptions of reporting relationships, past experience, responsibilities, and training and educational histories; lists of all certifications; and all job performance evaluations. If Defendants are barred by any applicable law from providing any of this information, within ten (10) business days following receipt of the request, Defendants must provide the requested information to the full extent permitted by law and also must provide a written explanation of Defendants' inability to provide the remaining information.

3.      At the request of Acquirer, Defendants must promptly make Relevant Personnel available for private interviews with Acquirer during normal business hours at a mutually agreeable location.

4.      Defendants must not interfere with any effort by Acquirer to employ any Relevant Personnel. Interference includes but is not limited to offering to increase the compensation or improve the benefits of Relevant Personnel unless: (a) the offer is part of a company-wide increase in compensation or improvement in benefits that was announced prior to April 1, 2020; or (b) the offer is approved by the United States in its sole discretion. Defendants' obligations under this Paragraph will expire six (6) months after the divestiture of the Divestiture Assets pursuant to this Final Judgment.

5.      For Relevant Personnel who elect employment with Acquirer within six (6) months of the date on which the Divestiture Assets are divested to Acquirer, Defendants must waive all non-compete and non-disclosure agreements, vest all unvested pension and other equity rights, provide any pay pro-rata, provide all other compensation and benefits that those Relevant Personnel have fully or partially accrued, and provide all other benefits that those

11

Relevant Personnel otherwise would have been provided had the Relevant Personnel continued employment with Defendants, including but not limited to any retention bonuses or payments. Defendants may maintain reasonable restrictions on disclosure by Relevant Personnel of Defendants' proprietary non-public information that is unrelated to the business of MSW Disposal, Small Commercial Container Waste Collection, Residential Waste Collection, Roll-Off Waste Collection, Commercial Recycling Collection, Residential Recycling Collection, Mixed Collection, and Yard Waste Collection and not otherwise required to be disclosed by this Final Judgment.

6.     For a period of twelve (12) months from the date on which the Divestiture Assets are divested to Acquirer, Defendants may not solicit to rehire Relevant Personnel who were hired by Acquirer within six (6) months of the date on which the Divestiture Assets are divested to Acquirer unless (a) an individual is terminated or laid off by Acquirer or (b) Acquirer agrees in writing that Defendants may solicit to rehire that individual. Nothing in this Paragraph prohibits Defendants from advertising employment openings using general solicitations or advertisements and rehiring Relevant Personnel who apply for an employment opening through a general solicitation or advertisement.

J.     Defendants must warrant to Acquirer that (1) the Divestiture Assets will be operational and without material defect on the date of their transfer to the Acquirer; (2) there are no material defects in the environmental, zoning, or other permits pertaining to the operation of the Divestiture Assets; and (3) Defendants have disclosed all encumbrances on any part of the Divestiture Assets, including on intangible property. Following the sale of the Divestiture Assets, Defendants must not undertake, directly or indirectly, challenges to the environmental, zoning, or other permits pertaining to the operation of the Divestiture Assets.

12

K.     Defendants must assign, subcontract, or otherwise transfer all contracts (except Straddle Contracts), agreements, and relationships (or portions of such contracts, agreements, and relationships) included in the Divestiture Assets, including but not limited to all supply and sales contracts and swap agreements, to Acquirer; *provided, however,* that for any contract or agreement that requires the consent of another party to assign, subcontract, or otherwise transfer, Defendants must use best efforts to accomplish the assignment, subcontracting, or transfer. Defendants must not interfere with any negotiations between Acquirer and a contracting party.

L.     At the option of Acquirer, and subject to approval by the United States in its sole discretion, on or before the date on which the Divestiture Assets are divested to Acquirer, Defendants must assign, subcontract, or otherwise transfer all Straddle Contracts; *provided, however,* that for any Straddle Contract that requires the consent of another party to assign, subcontract, or otherwise transfer, Defendants must use best efforts to accomplish the assignment, subcontracting, or other transfer. Defendants must not interfere with any negotiations between Acquirer and a contracting party.

M.     Defendants must make best efforts to assist Acquirer to obtain all necessary licenses, registrations, and permits to operate the Divestiture Assets. Until Acquirer obtains the necessary licenses, registrations, and permits, Defendants must provide Acquirer with the benefit of Defendants' licenses, registrations, and permits to the full extent permissible by law.

N.     At the option of Acquirer, and subject to approval by the United States in its sole discretion, on or before the date on which the Divestiture Assets are divested to Acquirer, Defendants must enter into a contract to provide transition services for back office, human resources, accounting, employee health and safety, and information technology services and support for a period of up to six (6) months on terms and conditions reasonably related to market

13

conditions for the provision of the transition services. The United States, in its sole discretion, may approve one or more extensions of any contract for transition services, for a total of up to an additional six (6) months. If Acquirer seeks an extension of the term of any transition services agreement, Defendants must notify the United States in writing at least one (1) month prior to the date the contract expires. Acquirer may terminate a contract for transition services without cost or penalty at any time upon thirty (30) days' written notice to WMI. The employee(s) of Defendants tasked with providing these transition services must not share any competitively sensitive information of Acquirer with any other employee of Defendants.

O.      At the option of Acquirer, and subject to approval by the United States in its sole discretion, on or before the date on which the Divestiture Assets are divested to Acquirer, Defendants must enter into a landfill disposal contract to provide rights to landfill disposal at ADS's Orchard Hills Landfill, located at 8290 Highway 251 South, Davis Junction, Illinois, 61020. The landfill disposal contract must allow Acquirer to dispose up to 1,200 tons of MSW per day at the Orchard Hills Landfill for a period of up to three (3) years from the date on which the Divestiture Assets are divested to Acquirer. Defendants must operate the Orchard Hills gates, scale houses, and disposal areas for the benefit of Acquirer under terms and conditions no less favorable than those that Defendants provide to their own vehicles. The United States, in its sole discretion, may approve one or more extensions of a landfill disposal contract for a total of up to an additional two (2) years. If Acquirer seeks an extension of the term of a landfill disposal contract, Defendants must notify the United States, the State of Illinois, and the State of Wisconsin in writing at least one (1) month prior to the date the contract expires. Acquirer may terminate a contract for landfill disposal without cost or penalty at any time upon thirty (30) days' written notice to WMI.

P.      If any term of an agreement between Defendants and Acquirer to effectuate the divestiture required by this Final Judgment varies from a term of this Final Judgment, to the extent that Defendants cannot fully comply with both, this Final Judgment determines Defendants' obligations.

## V.  APPOINTMENT OF DIVESTITURE TRUSTEE

A.      If Defendants have not divested the Divestiture Assets within the period specified in Paragraph IV(A), Defendants must immediately notify Plaintiffs of that fact in writing. Upon application of the United States, the Court will appoint a divestiture trustee selected by the United States and approved by the Court to effect the divestiture(s) of any of the Divestiture Assets.

B.      After the appointment of a divestiture trustee by the Court, only the divestiture trustee will have the right to sell the Divestiture Assets. The divestiture trustee will have the power and authority to accomplish the divestiture(s) to an Acquirer or Acquirers acceptable to the United States, in its sole discretion, after consultation with the Plaintiff States, at a price and on terms as are then obtainable upon reasonable effort by the divestiture trustee, subject to the provisions of Sections IV, V, and VI of this Final Judgment, and will have other powers as the Court deems appropriate. The divestiture trustee must sell the Divestiture Assets as quickly as possible.

C.      Defendants may not object to a sale by the divestiture trustee on any ground other than malfeasance by the divestiture trustee. Objections by Defendants must be conveyed in writing to Plaintiffs and the divestiture trustee within ten (10) calendar days after the divestiture trustee has provided the notice of proposed divestiture required under Section VI.

D.     The divestiture trustee will serve at the cost and expense of Defendants pursuant to a written agreement, on terms and conditions, including confidentiality requirements and conflict-of-interest certifications, that are approved by the United States.

E.     The divestiture trustee may hire at the cost and expense of Defendants any agents or consultants, including but not limited to investment bankers, attorneys, and accountants, that are reasonably necessary in the divestiture trustee's judgment to assist with the divestiture trustee's duties. These agents or consultants will be accountable solely to the divestiture trustee and will serve on terms and conditions, including terms and conditions governing confidentiality requirements and conflict-of-interest certifications, that are approved by the United States.

F.     The compensation of the divestiture trustee and agents or consultants hired by the divestiture trustee must be reasonable in light of the value of the Divestiture Assets and based on a fee arrangement that provides the divestiture trustee with incentives based on the price and terms of the divestiture(s) and the speed with which it is accomplished. If the divestiture trustee and Defendants are unable to reach agreement on the divestiture trustee's compensation or other terms and conditions of engagement within fourteen (14) calendar days of the appointment of the divestiture trustee by the Court, the United States may, in its sole discretion, take appropriate action, including by making a recommendation to the Court. Within three (3) business days of hiring an agent or consultant, the divestiture trustee must provide written notice of the hiring and rate of compensation to Defendants and the United States.

G.     The divestiture trustee must account for all monies derived from the sale of the Divestiture Assets sold by the divestiture trustee and all costs and expenses incurred. Within thirty (30) calendar days of the date of the sale of the Divestiture Assets, the divestiture trustee must submit that accounting to the Court for approval. After approval by the Court of the

16

divestiture trustee's accounting, including fees for unpaid services and those of agents or consultants hired by the divestiture trustee, all remaining money must be paid to Defendants and the trust will then be terminated.

H.     Defendants must use their best efforts to assist the divestiture trustee to accomplish the required divestiture. Subject to reasonable protection for trade secrets, other confidential research, development, or commercial information, or any applicable privileges, Defendants must provide the divestiture trustee and agents or consultants retained by the divestiture trustee with full and complete access to all personnel, books, records, and facilities of the Divestiture Assets. Defendants also must provide or develop financial and other information relevant to the Divestiture Assets that the divestiture trustee may reasonably request. Defendants must not take any action to interfere with or to impede the divestiture trustee's accomplishment of the divestiture.

I.     The divestiture trustee must maintain complete records of all efforts made to sell the Divestiture Assets, including by filing monthly reports with Plaintiffs setting forth the divestiture trustee's efforts to accomplish the divestiture ordered by this Final Judgment. The reports must include the name, address, and telephone number of each person who, during the preceding month, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring any interest in the Divestiture Assets and must describe in detail each contact with any such person.

J.     If the divestiture trustee has not accomplished the divestiture ordered by this Final Judgment within six months of appointment, the divestiture trustee must promptly provide Plaintiffs with a report setting forth: (1) the divestiture trustee's efforts to accomplish the required divestiture; (2) the reasons, in the divestiture trustee's judgment, why the required

17

divestiture has not been accomplished; and (3) the divestiture trustee's recommendations for completing the divestiture. Following receipt of that report, the United States may make additional recommendations consistent with the purpose of the trust to the Court. The Court thereafter may enter such orders as it deems appropriate to carry out the purpose of this Final Judgment, which may include extending the trust and the term of the divestiture trustee's appointment by a period requested by the United States.

K.      The divestiture trustee will serve until divestiture of all Divestiture Assets is completed or for a term otherwise ordered by the Court.

L.      If the United States determines that the divestiture trustee is not acting diligently or in a reasonably cost-effective manner, the United States may recommend that the Court appoint a substitute divestiture trustee.

## VI.      NOTICE OF PROPOSED DIVESTITURE

A.      Within two (2) business days following execution of a definitive divestiture agreement, Defendants or the divestiture trustee, whichever is then responsible for effecting the divestiture, must notify Plaintiffs of a proposed divestiture required by this Final Judgment. If the divestiture trustee is responsible for completing the divestiture, the divestiture trustee also must notify Defendants. The notice must set forth the details of the proposed divestiture and list the name, address, and telephone number of each person not previously identified who offered or expressed an interest in or desire to acquire any ownership interest in the Divestiture Assets.

B.      Within fifteen (15) calendar days of receipt by the United States of this notice, the United States may request from Defendants, the proposed Acquirer(s), other third parties, or the divestiture trustee additional information concerning the proposed divestiture, the proposed Acquirer(s) and other prospective Acquirers. Defendants and the divestiture trustee must furnish

18

the additional information requested within fifteen (15) calendar days of the receipt of the request, unless the United States provides written agreement to a different period.

C.      Within forty-five (45) calendar days after receipt of the notice required by Paragraph VI(A) or within twenty (20) calendar days after the United States has been provided the additional information requested pursuant to Paragraph VI(B), whichever is later, the United States must provide written notice to Defendants and any divestiture trustee that states whether or not the United States, in its sole discretion, after consultation with the Plaintiff States, objects to Acquirer(s) or any other aspect of the proposed divestiture. Without written notice that the United States does not object, a divestiture may not be consummated. If the United States provides written notice that it does not object, the divestiture may be consummated, subject only to Defendants' limited right to object to the sale under Paragraph V(C) of this Final Judgment. Upon objection by Defendants pursuant to Paragraph V(C), a divestiture by the divestiture trustee may not be consummated unless approved by the Court.

D.      No information or documents obtained pursuant to this Section VI may be divulged by Plaintiffs to any person other than an authorized representative of the executive branch of the United States or an authorized representative of the Plaintiff States, except in the course of legal proceedings to which the United States is a party, including grand-jury proceedings, for the purpose of evaluating a proposed Acquirer or securing compliance with this Final Judgment, or as otherwise required by law.

E.      In the event of a request by a third party for disclosure of information under the Freedom of Information Act, 5 U.S.C. § 552, the Antitrust Division will act in accordance with that statute and the Department of Justice regulations at 28 C.F.R. part 16, including the provision on confidential commercial information at 28 C.F.R. § 16.7. Persons submitting

19

information to the Antitrust Division should designate the confidential commercial information portions of all applicable documents and information under 28 C.F.R. § 16.7. Designations of confidentiality expire ten years after submission, "unless the submitter requests and provides justification for a longer designation period." *See* 28 C.F.R. § 16.7(b).

F.      If at the time that a person furnishes information or documents to the United States or the Plaintiff States pursuant to this Section VI, that person represents and identifies in writing information or documents for which a claim of protection may be asserted under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and marks each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," the United States and the Plaintiff States must give that person ten calendar days' notice before divulging the material in any legal proceeding (other than a grand-jury proceeding).

## VII.    FINANCING

Defendants may not finance all or any part of any Acquirer's purchase of all or part of the Divestiture Assets made pursuant to this Final Judgment.

## VIII.   ASSET PRESERVATION

Until the divestiture required by this Final Judgment has been accomplished, Defendants must take all steps necessary to comply with the Asset Preservation Stipulation and Order entered by the Court. Defendants must take no action that would jeopardize the divestiture ordered by the Court.

## IX.    AFFIDAVITS

A.      Within twenty (20) calendar days of the filing of the Complaint in this matter, and every thirty (30) calendar days thereafter until the divestiture required by this Final Judgment has been completed, Defendants must deliver to Plaintiffs an affidavit, signed by each Defendant's

20

Chief Financial Officer and General Counsel, describing the fact and manner of Defendants' compliance with this Final Judgment. The United States, in its sole discretion, may approve different signatories for the affidavits.

B.      Each affidavit must include: (1) the name, address, and telephone number of each person who, during the preceding thirty (30) calendar days, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, an interest in the Divestiture Assets and describe in detail each contact with such persons during that period; (2) a description of the efforts Defendants have taken to solicit buyers for and complete the sale of the Divestiture Assets, and to provide required information to prospective Acquirers; and (3) a description of any limitations placed by Defendants on information provided to prospective Acquirers. If the information set forth in the affidavit is true and complete, objection by the United States to information provided by Defendants to prospective Acquirers must be made within fourteen (14) calendar days of receipt of the affidavit.

C.      Defendants must keep all records of any efforts made to divest the Divestiture Assets until one year after the divestiture has been completed.

D.      Within twenty (20) calendar days of the filing of the Complaint in this matter, Defendants also must deliver to Plaintiffs an affidavit signed by each Defendant's Chief Financial Officer and General Counsel, that describes in reasonable detail all actions Defendants have taken and all steps Defendants have implemented on an ongoing basis to comply with Section VIII of this Final Judgment. The United States, in its sole discretion, may approve different signatories for the affidavits.

E.      If Defendants make any changes to the efforts and actions outlined in any earlier affidavits provided pursuant to Paragraph IX(D), Defendants must, within fifteen (15) calendar days after any change is implemented, deliver to Plaintiffs an affidavit describing those changes.

F.      Defendants must keep all records of any efforts made to preserve the Divestiture Assets until one year after the divestiture has been completed.

## X.      COMPLIANCE INSPECTION

A.      For the purposes of determining or securing compliance with this Final Judgment, or of related orders such as the Asset Preservation Stipulation and Order or of determining whether this Final Judgment should be modified or vacated, upon written request of an authorized representative of the Assistant Attorney General for the Antitrust Division, and reasonable notice to Defendants, Defendants must permit, from time to time and subject to legally recognized privileges, authorized representatives, including agents retained by the United States:

1.      to have access during Defendants' office hours to inspect and copy, or at the option of the United States, to require Defendants to provide electronic copies of all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of Defendants relating to any matters contained in this Final Judgment; and

2.      to interview, either informally or on the record, Defendants' officers, employees, or agents, who may have their individual counsel present, regarding such matters. The interviews must be subject to the reasonable convenience of the interviewee and without restraint or interference by Defendants.

B.      Upon the written request of an authorized representative of the Assistant Attorney General for the Antitrust Division, Defendants must submit written reports or respond to written interrogatories, under oath if requested, relating to any of the matters contained in this Final Judgment.

C.      No information or documents obtained by the United States pursuant to this Section X may be divulged by Plaintiffs to any person other than an authorized representative of the executive branch of the United States or an authorized representative of the Plaintiff States, except in the course of legal proceedings to which the United States is a party, including grand jury proceedings, for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D.      In the event of a request by a third party for disclosure of information under the Freedom of Information Act, 5 U.S.C. § 552, the Antitrust Division will act in accordance with that statute and the Department of Justice regulations at 28 C.F.R. part 16, including the provision on confidential commercial information at 28 C.F.R. § 16.7. Defendants submitting information to the Antitrust Division should designate the confidential commercial information portions of all applicable documents and information under 28 C.F.R. § 16.7. Designations of confidentiality expire ten years after submission, "unless the submitter requests and provides justification for a longer designation period." *See* 28 C.F.R. § 16.7(b).

E.      If at the time that Defendants furnish information or documents to the United States pursuant to this Section X, Defendants represent and identify in writing information or documents for which a claim of protection may be asserted under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and Defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," the United States must give Defendants ten (10) calendar days' notice before divulging the material in any legal proceeding (other than a grand jury proceeding).

## XI.   NOTIFICATION

A.      Unless a transaction is otherwise subject to the reporting and waiting period requirements of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, 15 U.S.C. § 18a (the "HSR Act"), Defendants may not, without first providing notification to the United States and to any Plaintiff State in which any of the assets or interests are located, directly or indirectly acquire (including through an asset swap agreement) any assets of or any interest, including a financial, security, loan, equity, or management interest, in any person or entity involved in MSW Disposal and/or Small Container Commercial Waste Collection services in any area identified in Appendix D, where that person's or entity's revenues for the 12 months preceding the proposed acquisition from MSW Disposal and/or Small Container Commercial Waste Collection services in the identified area were in excess of $500,000. This provision also applies to an acquisition of facilities that serve an identified area but are located outside the area and requires notice to any Plaintiff State where an identified area in the state is serviced by assets or interests to be acquired that are located outside of the state's border.

B.      Defendants must provide the notification required by this Section XI in the same format as, and in accordance with the instructions relating to, the Notification and Report Form set forth in the Appendix to Part 803 of Title 16 of the Code of Federal Regulations as amended, except that the information requested in Items 5 through 8 of the instructions must be provided only about MSW Disposal and Small Container Commercial Waste Collection. Notification must be provided at least thirty (30) calendar days before acquiring any assets or interest, and must include, beyond the information required by the instructions, the names of the principal representatives who negotiated the transaction on behalf of each party and all management or strategic plans discussing the proposed transaction. If, within the thirty (30) calendar days

24

following notification, representatives of the United States make a written request for additional information, Defendants may not consummate the proposed transaction until thirty (30) calendar days after submitting all requested information.

C.      Early termination of the waiting periods set forth in this Section XI may be requested and, where appropriate, granted in the same manner as is applicable under the requirements and provisions of the HSR Act and rules promulgated thereunder. This Section XI must be broadly construed and any ambiguity or uncertainty regarding whether to file a notice under this Section XI must be resolved in favor of filing notice.

## XII.   LIMITATIONS ON REACQUISITION

Defendants may not reacquire any part of or any interest in the Divestiture Assets during the term of this Final Judgment.

## XIII.   RETENTION OF JURISDICTION

The Court retains jurisdiction to enable any party to this Final Judgment to apply to the Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## XIV.   ENFORCEMENT OF FINAL JUDGMENT

A.      The United States retains and reserves all rights to enforce the provisions of this Final Judgment, including the right to seek an order of contempt from the Court. Defendants agree that in a civil contempt action, a motion to show cause, or a similar action brought by the United States regarding an alleged violation of this Final Judgment, the United States may establish a violation of this Final Judgment and the appropriateness of a remedy therefor by a

preponderance of the evidence, and Defendants waive any argument that a different standard of proof should apply.

B.     This Final Judgment should be interpreted to give full effect to the procompetitive purposes of the antitrust laws and to restore the competition the United States and the Plaintiff States allege was harmed by the challenged conduct. Defendants agree that they may be held in contempt of, and that the Court may enforce, any provision of this Final Judgment that, as interpreted by the Court in light of these procompetitive principles and applying ordinary tools of interpretation, is stated specifically and in reasonable detail, whether or not it is clear and unambiguous on its face. In any such interpretation, the terms of this Final Judgment should not be construed against either party as the drafter.

C.     In an enforcement proceeding in which the Court finds that Defendants have violated this Final Judgment, the United States may apply to the Court for a one-time extension of this Final Judgment, together with other relief that may be appropriate. In connection with a successful effort by the United States to enforce this Final Judgment against a Defendant, whether litigated or resolved before litigation, that Defendant agrees to reimburse the United States for the fees and expenses of its attorneys, as well as all other costs including experts' fees, incurred in connection with that enforcement effort, including in the investigation of the potential violation.

D.     For a period of four (4) years following the expiration of this Final Judgment, if the United States has evidence that a Defendant violated this Final Judgment before it expired, the United States may file an action against that Defendant in this Court requesting that the Court order: (1) Defendant to comply with the terms of this Final Judgment for an additional term of at least four years following the filing of the enforcement action; (2) all appropriate contempt

remedies; (3) additional relief needed to ensure the Defendant complies with the terms of this Final Judgment; and (4) fees or expenses as called for by this Section XIV.

## XV.   **EXPIRATION OF FINAL JUDGMENT**

Unless the Court grants an extension, this Final Judgment will expire ten (10) years from the date of its entry, except that after five (5) years from the date of its entry, this Final Judgment may be terminated upon notice by the United States, after consultation with the Plaintiff States, to the Court and Defendants that the divestiture has been completed and the continuation of this Final Judgment is no longer necessary or in the public interest.

## XVI.   **PUBLIC INTEREST DETERMINATION**

Entry of this Final Judgment is in the public interest. The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including by making available to the public copies of this Final Judgment and the Competitive Impact Statement, public comments thereon, and any response to comments by the United States. Based upon the record before the Court, which includes the Competitive Impact Statement and, if applicable, any comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.


Date: _____5/3/2021_____



_____

United States District Judge

27

**Appendix A: List of Divested Landfills and Transfer Stations (Paragraph II(O)(1))**

**I. Alabama**

    a.  ADS's Stone's Throw Landfill, located at 1303 Washington Boulevard, Tallassee, Alabama, 36078;

    b.  ADS's Turkey Trot Landfill, located at 2328 Mannish Ryan Road, Citronelle, Alabama, 36522;

    c.  ADS's Mobile Transfer Station, located at 5740 Carole Plantation Road, Mobile, Alabama, 36582;

    d.  ADS's Central Alabama Transfer Station, located at 2141 Hunter Loop Road, Montgomery, Alabama, 36108;

    e.  ADS's East Alabama Transfer Station, located at 2100 Poplar Street, Opelika, Alabama, 36801;

    f.  WMI's Phenix City Transfer Station, located at 610 State Docks Road Southeast, Phenix City, Alabama, 36867.

**II. Georgia**

    a.  ADS's Eagle Point Landfill, located at 8880, 9465, 9385, and 9425 Old Federal Road, Ball Ground, Georgia, 30107 and Land Lots 37, 38, 107 and 108, District 3, Canton, Georgia;

    b.  ADS's Gwinnett Transfer Station, located at 535 Seaboard Industrial Drive, Lawrenceville, Georgia, 30046;

    c.  ADS's Smyrna Transfer Station, located at 4696 South Cobb Drive SE, Smyrna, Georgia, 30080;

d. ADS's Welcome All Transfer Station, located at 5225 Welcome All Road, College Park, Georgia, 30349;

e. ADS's Cobb County Transfer Station, located at 1897 County Services Parkway, Marietta, Georgia, 30008.

### III. Florida

a. ADS's Ocala Transfer Station, located at 5111 South Pine Avenue, Ocala, Florida, 34479.

### IV. Illinois

a. ADS's Zion Landfill, located at 701 Green Bay Road, Zion, Illinois, 60099;

b. ADS's Rolling Meadows Transfer Station, located at 3851 Berdnick Street, Rolling Meadows, Illinois, 60008;

c. ADS's Northbrook Transfer Station, located at 2750 Shermer Road, Northbrook, Illinois, 60062;

d. WMI's Elburn Transfer Station, located at 1 N 138 Linlar Drive, Elburn, Illinois, 60119.

### V. Indiana

a. ADS's Hoosier Landfill, located at 2710 East 800 South Road, Claypool, Indiana, 46510;

b. ADS's Fort Wayne Transfer Station, located at 4429 Allen Martin Drive, Fort Wayne, Indiana, 46806.

### VI. Michigan

a. ADS's Arbor Hills Landfill, located at 10690 West Six Mile Road, Northville, Michigan, 48168;

b.   ADS's Pontiac Transfer Station, located at 575 Collier Road, Auburn Hills, Michigan, 48340;

c.   ADS's Dearborn Transfer Station, located at 3051 Schaefer Road, Dearborn, Michigan, 48126.

## VII. Minnesota

a.   ADS's Rochester Transfer Station, located at 4245 and 4225 Highway 14 East, Rochester, Minnesota, 55904.

## VIII.   Pennsylvania

a.   ADS's Sandy Run Landfill, located at 915 and 995 Landfill Road, Hopewell, Pennsylvania, 16650;

b.   ADS's Greentree Landfill, located at 635 Toby Road, Kersey, Pennsylvania, 15846;

c.   ADS Chestnut Valley Landfill, located at 1184 McClellandtown Road, McClellandtown, Pennsylvania, 15458;

d.   ADS's Diller Transfer Station, located at 6820 Wertzville Road, Enola, Pennsylvania, 17025;

e.   WMI's Southern Alleghenies Landfill, located at 843 Miller Picking Road, Davidsville, Pennsylvania, 15928.

## IX. Wisconsin

a.   ADS's Emerald Park Landfill, located at W124 S10629 South 124th Street, Muskego, Wisconsin, 53150;

b.   ADS's Glacier Ridge Landfill, located at N7296 Highway V, Horicon, Wisconsin, 53032;

30

c.  ADS's Hickory Meadows Landfill, located at W3105 Schneider Road, Hilbert, Wisconsin, 54129;

d.  ADS's Mallard Ridge Landfill, located at W8470 State Road 11, Delavan, Wisconsin, 53115;

e.  ADS's Seven Mile Creek Landfill, located at 8001 Olson Drive, Eau Claire, Wisconsin, 54703;

f.  ADS's Waunakee Transfer Station, located at 300, 304, 306, and 308 Raemisch Road, Waunakee, Wisconsin, 53597;

g.  ADS's Fort Atkinson Transfer Station, located at 1203, 1205, and1215 Klement Street, Fort Atkinson, Wisconsin, 53538;

h.  ADS's Kenosha Transfer Station, located at 5421 46th Street, Kenosha, Wisconsin, 53144;

i.  ADS's Muskego Transfer Station, located at W143 S6350, W143 6400, and W144 S6350 College Court, Muskego, Wisconsin, 53150;

j.  ADS's Germantown Transfer Station, located at N104 W13075 Donges Bay Road, Germantown, Wisconsin, 53022;

k.  ADS's West Bend Transfer Station, located at 803 North River Road and 1422 Lang Street, West Bend, Wisconsin, 53095;

l.  ADS's Hartland Transfer Station, located at 630 Industrial Drive, Hartland, Wisconsin, 53029;

m.  ADS's Omro Transfer Station, located at 250 Alder Avenue, Omro, Wisconsin, 54963 and W200 Ft. of Lot 4: CSM 5477 Omro, Wisconsin 54963;

31

n.  ADS's De Pere Transfer Station, located at 1799 County Trunk Hwy PP, De Pere, Wisconsin, 54115;

o.  ADS's Chilton Transfer Station (Recyclery), located at 1113 Park and 1045 Park Street, Chilton, Wisconsin, 53014;

p.  ADS's Door County Transfer Station, located at 1509 Division Road, Sturgeon Bay, Wisconsin, 54235;

q.  ADS's Medford Transfer Station, located at 645 Jensen Drive, Medford, Wisconsin, 54451;

r.  ADS's Roberts Transfer Station, located at 100 Packer Drive, Roberts, Wisconsin, 54023;

s.  ADS's Horicon Transfer Station, located at N7296 Highway V, Horicon, Wisconsin, 53032;

t.  ADS's Waunakee Material Recovery Facility, located at 300, 304, 306, and 308 Raemisch Road, Waunakee, Wisconsin, 53597;

u.  WMI's Janesville Transfer Station, located at 304 West Sunny Lane, Janesville, Wisconsin, 53546;

v.  WMI's Darlington Transfer Station, located at 11500 Ames Road, Darlington, Wisconsin, 53530;

w.  WMI's Mosinee Transfer Station, located at 204500 State Highway 34 (i.e., 1372 State Highway 34), Mosinee, Wisconsin, 54455;

x.  WMI's Antigo Transfer Station, located at 1715 Deleglise Street, Antigo, Wisconsin, 54409;

y.  WMI's Chippewa Falls Transfer Station, located at 11888 & 11863 30th Avenue, Chippewa Falls, Wisconsin, 54729;

z.  WMI's Sheboygan Falls Transfer Station, located at 115 Birch Road, Sheboygan Falls, Wisconsin, 53085.

**Appendix B: List of Divested Hauling Facilities and Routes (Paragraph II(O)(3))**

I. **Alabama**

    a. The following ADS Small Container Commercial Waste Collection Routes:

        i. Tuscaloosa Routes: 710, 711, 712, and 713;

        ii. Montgomery/Tallassee/Alexander City Routes: 901, 902, 908, 950, 951, 952, 953, 954, 956, 957, 958, 959, 960, and 961;

        iii. Mobile Routes: 900, 901, 910, 920, and 925;

    b. The following ADS Residential Waste Collection Routes:

        i. Montgomery/Tallassee/Alexander City Routes: 605, 606, 612, 613, 616, 622, 623, and 624;

    c. The following ADS Roll-Off Waste Collection Routes:

        i. Montgomery/Tallassee/Alexander City Routes: 409 (i.e. "Alex City Roll Off");

    d. ADS's hauling facility located at 1121 Wilbanks Street, Montgomery, Alabama, 36108;

    e. ADS's hauling facility located at 1303 Washington Boulevard, Tallassee, Alabama, 36078;

    f. ADS's hauling facility located at 4701 12th Street Northeast, Tuscaloosa, Alabama, 35404;

    g. ADS's hauling facility located at 6225 Rangeline Road, Theodore, Alabama, 36582;

    h. ADS's hauling facility located at 4342 Washington Street, Alexander City, Alabama, 35010.

II. **Georgia**

34

a. The following ADS Small Container Commercial Waste Collection Routes:

 i. Augusta routes: 901, 904, 905, 907, 908, 909, 910, and 911;

b. ADS's hauling facility located at 1064 Franke Industrial Drive, Augusta, Georgia, 30909.

## III. Florida

a. The following ADS Small Container Commercial Waste Collection Routes:

 i. Ocala Routes: 701, 702, 704, and 706;

 ii. Jacksonville Routes: 901, 902, 906, 907, 908, 910, 911, 913, 918, 922;

b. The following WMI Small Container Commercial Waste Collection Routes:

 i. St. Johns and Clay County Routes: J181, J281, J381, J481, J581, J681, J189, J289, J389, J489, J589, J689;

 ii. Citrus County Routes: W180, W280, W380, W480, W580, W680, W186, and W475;

c. ADS's hauling facility located at 5111 South Pine Avenue, Ocala, Florida, 34480;

d. ADS's hauling facility located at 7580 Philips Highway, Jacksonville, Florida, 32256.

## IV. Michigan

a. The following ADS Small Container Commercial Waste Collection Routes:

 i. Pontiac Routes: 751, 752, 753, 754, 755, 756, 757, 758, 759, 763, 765, 766, and 767;

b. The following ADS Residential Waste Collection Routes:

 i. Pontiac Routes: 403, 405, 493, 495, 500, 501, 502, 503, 504, 505, 506, 509, 514, 592, 595, 596, and 599;

c. The following ADS Yard Waste Collection Routes:

   i. Pontiac Routes: 301, 401, 402, 492, 498, and 901;

d. The following ADS Commercial Recycling Collection Routes:

i. Pontiac Routes: 511, 771, and 772;

e. The following ADS Residential Recycling Collection Routes:

i. Pontiac Routes: 507, 508, 597, and 598;

f. The following ADS Roll-Off Waste Collection Routes:

i. Pontiac Routes: 601, 602, 603, 604, 605, 606, 622, 651, 652, 653, 654, 655, 656, 657, 658, 659, and 670;

g. ADS hauling facility located at 575 Collier Road, Auburn Hills, Michigan, 48340.

**V. Minnesota**

a. The following ADS Small Container Commercial Waste Collection Routes:

i. St. Cloud Routes: 710, 720, 730, and 740;

ii. Rochester Routes: 701, 705, 709, 711, 730, and 750;

b. ADS's hauling facility located at 2355 12th Street Southeast, St. Cloud, Minnesota, 56304;

c. ADS's hauling facility located at 4245 and 4225 Highway 14 East, Rochester, Minnesota, 55904.

**VI. Pennsylvania**

a. The following ADS Small Container Commercial Waste Collection Routes:

i. McClellandtown Routes: 711, 712, and 713;

b. The following ADS Residential Waste Collection Routes:

i. McClellandtown Routes: 153, 154, 440, 443, 444, 447, 449, 451, 454, and 459;

c.  The following ADS Commercial Recycling Collection Routes:

      i.  McClellandtown Routes: 725 and 811;

   d.  The following ADS Residential Recycling Collection Routes:

      i.  McClellandtown Routes: 801 and 805;

   e.  The following ADS Roll-Off Waste Collection Routes:

      i.  McClellandtown Routes: 603;

   f.  ADS's hauling facility located at 1192 McClellandtown Road, McClellandtown, Pennsylvania, 15458.

## VII.  Wisconsin

   a.  The following ADS Small Container Commercial Waste Collection Routes:

      i.  Beloit Routes: 100;

      ii.  Madison Routes: 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 301, and 401;

      iii.  Hartland Routes: 701, 702, 703, 704, 705, 706, 707, 708, 740, 741, and 742;

      iv.  Muskego Routes: 505, 924, 980, 981, 982, 983, 984, 985, 986, 987, 988, 989, 990, 991, 992, 993, 994, 995, 996, 997, 998, and 999;

      v.  West Bend and Horicon Routes: 705, 711, 725, 760, 761, 765, 766, 767, 771, 776, and 777;

      vi.  Omro Routes: 150, 151, 152, 153, 154, 155, 156, 157, 700, 702, 739, 742, 744, 745, 747, 748, and 778;

      vii.  Green Bay Routes: 701, 702, 703, 704, 705, 706, 707, 708, 709, 714, and 751;

      viii.  Chilton and Kaukauna Routes: 702, 703, 704, 705, 710, 711, 712, 713, and 714

     ix.  Fort Atkinson Routes: 151, 152, 351, 352, and 353;

     x.  Door County Routes: 710 and 711;

     xi.  Medford Routes: 422 and 423;

     xii.  Waukegan Routes: 704, 708, and 709;

b.  The following WMI Small Container Commercial Waste Collection Routes:

     i.  Antigo Routes: O1AA, O1EE, O2DD, O2EE, O2FF, O3AA, O3EE, O4AA, O4DD, and O5EE;

     ii.  Chippewa Falls Routes: K1A1, K2A1, K3A1, K3A3, K4A3, K5A1, and K5A3;

     iii.  Darlington Routes: F1A2, F2A3, and F5A3;

     iv.  Sheboygan Routes: W1A7, W2A7, W3A7, W4A7, and W5A7;

     v.  Janesville Routes: H1GC, H1GD, H1GF, H2GC, H2GA, H2GD, H2GF, H3GF, H3GC, H3GD, H4GD, H4GA, H4GC, H4GF, H5GF, H5GC, H5GA, H5GD, H5GE, H6PZ, and H6QZ;

     vi.  Mosinee Routes: G1A1, G1A2, G1A3, G1A4, G1A5, G2A1, G2A2, G2A4, G2A5, G2A6, G3A1, G3A2, G3A3, G3A4, G3A5, G4A1, G4A5, G5A1, G5A2, G5A3, G5A4, G5A5, and G1M1;

c.  The following ADS Co-Collect Routes:

     i.  Green Bay Routes: 711, 712, 713, 715, 716, 717, and 719;

     ii.  Fort Atkinson Routes: 589;

     iii.  Door County Routes: 500, 501, 502, 503, and 504;

d.  The following ADS Mixed Collection Routes:

     i.  Eau Claire Routes: 442;

e.  The following ADS Residential Waste Collection Routes:

    i.  Muskego Routes: 011, 504, 524, 525, 526, 527, 528, 529, 530, 536, 537, 541, 542, 548, 549, 550, 553, 595, and 599;

    ii.  Green Bay Routes: 500, 501, 502, 503, 504, 505, 506, 508, 509, 510, 512, 513, 514, 516, and 714;

    iii.  Fort Atkinson Routes: 551, 553, 554, 555, 557, 558, 559, 560, 562, and 571;

f.  The following ADS Residential Recycling Collection Routes:

    i.  Muskego Routes: 556, 584, 585, 701, 702, 703, 705, 707, 708, 709, 710, 711, 727, 735, 741, and 755;

    ii.  Green Bay Routes: 800, 801, 802, 803, 804, 805, 806, 807, 808, and 809;

    iii.  Fort Atkinson Routes: 653, 658, 659, 671, 672, 673, 674, 676, 677, and 680;

g.  The following ADS Roll-Off Waste Collection Routes:

    i.  Door County Routes: 606;

h.  The following ADS Commercial Recycling Collection Routes:

    i.  Beloit Routes: 200;

    ii.  Madison Routes: 201, 202, 203, 204, 205, 206, 207, and 208;

    iii.  Hartland Routes: 815, 865, 885, 886, 888, 889, and 890;

    iv.  Muskego Routes: 014, 015, 017, 018, 019, 020, 021, 022, 023, 024, 025, and 026;

    v.  West Bend and Horicon Routes: 706, 751, 778, 780, 781, 782, 783, and 791;

    vi.  Omro Routes: 150, 152, 153, 154, 155, 156, 157, 779, 896, and 898;

    vii.  Green Bay Routes: 720, 721, 722, 723, 724, 725, and 726;

    viii.  Waukegan Routes: 725 and 751;

39

    ix.  Chilton and Kaukauna Routes: 401, 721, 722, 723, 724, 725, 730, and 731;

    x.  Fort Atkinson Routes: 251, 252, 254, and 451;

    xi.  Door County Routes: 710 and 711;

    xii.  Medford Routes: 428 and 448;

i.  The following WMI Commercial Recycling Collection Routes:

    i.  Antigo Routes: O1CC, O3DD, O3CC, O4CC, and O5CC;

    ii.  Chippewa Falls Routes: K1A2, K2A2, K3A2, K4A2, and K5A2;

    iii.  Darlington Routes: F3S1;

    iv.  Sheboygan Routes: W2S2 and W5S2;

    v.  Janesville Routes: H1IB, H1IC, H2IB, H3IB, H3IC, H4IB, H5IF, H5IC, and H5IB;

    vi.  Mosinee Routes: G1G2, G1G4, G2G1, G2G3, G3G1, G3G4, G4A4, G4G1, G4G2, G4G3, G4G4, G5G1, and G5G4;

j.  ADS's hauling facility located at W143 S. 6440 College Court, Muskego, Wisconsin, 53150;

k.  ADS's hauling facility located at N7296 Highway V, Horicon, Wisconsin, 53032;

l.  ADS's hauling facility located at 803 North River Road and 1422 Lang Street, West Bend, Wisconsin, 53095;

m.  ADS's hauling facility located at 250 Alder Avenue, Omro, Wisconsin, 54963;

n.  ADS's hauling facility located at 1799 County Trunk Highway, De Pere, Wisconsin, 54115;

o.  ADS's hauling facility located at 428 High Street, Chilton, Wisconsin, 53014;

p.  ADS's hauling facility located at N2016 Vandenbroek Road, Kaukauna, Wisconsin, 54130;

q.  ADS's hauling facility located at 1509 Division Road, Sturgeon Bay, Wisconsin, 54235;

r.  ADS's hauling facility, located at 630 Industrial Drive, Hartland, Wisconsin, 53029;

s.  ADS's hauling facility located at 645 Jensen Drive, Medford, Wisconsin, 54451;

t.  ADS's hauling facility located at 300, 304, 306, and 308 Raemisch Road, Waunakee, Wisconsin, 53597;

u.  ADS's hauling facility located at 1203, 1205, and 1215 Klement Street, Fort Atkinson, Wisconsin, 53538;

v.  WMI's hauling facility located at 204500 State Highway 34 (i.e., 1372 State Highway 34), Mosinee, Wisconsin, 54455;

w.  WMI's hauling facility located at 1715 Deleglise Street, Antigo, Wisconsin, 54409;

x.  WMI's hauling facility located at 11888 & 11863 30th Avenue, Chippewa Falls, Wisconsin, 54729;

y.  WMI's hauling facility located at 304 West Sunny Lane, Janesville, Wisconsin, 53546;

z.  WMI's hauling facility located at 11500 Ames Road, Darlington, Wisconsin, 53530.

**Appendix C: List of Retained Hauling Facilities (Paragraph II(O)(4)(e))**

I.      **Florida**

    a.  WMI's hauling facility located at 8708 NE 44th Drive, Wildwood, Florida, 34785;

    b.  WMI's hauling facility located at 6501 Greenland Road, Jacksonville, Florida, 32258.

II.     **Wisconsin**

    a.  ADS's hauling facility located at 2301 W B R Townline Road, Beloit, Wisconsin, 53511;

    b.  WMI's hauling facility located at 301 Thomas Street, Fond du Lac, Wisconsin, 54935;

    c.  ADS's hauling facility located at 2626 Mondovi Road, Eau Claire, Wisconsin, 54701;

    d.  ADS's hauling facility located at 559 Progress Drive, Hartland, Wisconsin, 53029.

III.    **Illinois**

    a.  ADS's hauling facility located at 2230 Ernie Krueger Circle, Waukegan, Illinois, 60087.

IV.     **Georgia**

    a.  ADS's hauling facility located at 5734 Columbia Road, Grovetown, GA 30813.

**Appendix D: Areas for Which the Notice Provision in Paragraph XI(A) Applies**

| Geographic Market | Counties/Municipalities within Geographic Market | Relevant Service |
|---|---|---|
| East Central, Alabama | Lee and Macon Counties, AL | MSW Disposal |
| Lee County, Alabama | Lee County, AL | SCCW Collection |
| Macon County, Alabama | Macon County, AL | SCCW Collection |
| Mobile, Alabama | City of Mobile, AL | SCCW Collection and MSW Disposal |
| Montgomery County, Alabama | Montgomery County, AL | SCCW Collection |
| Phenix City, Alabama | Phenix City, AL | MSW Disposal |
| Tuscaloosa, Alabama | City of Tuscaloosa, AL | SCCW Collection |
| Jacksonville, Florida | Duvall, St. Johns, and Clay Counties, FL | SCCW Collection |
| Ocala, Florida | Marion and Citrus Counties, FL | SCCW Collection and MSW Disposal |
| Atlanta, Georgia | Cherokee, Forsyth, Gwinnett, Fulton, Clayton, and Cobb Counties, GA | MSW Disposal |
| Augusta, Georgia | Columbia and Richmond Counties, GA and Edgefield and Aiken Counties, SC | SCCW Collection |
| Kane County, Illinois | Kane County, IL | MSW Disposal |
| Lake County, Illinois | Lake County, IL | MSW Disposal |
| Northern Cook County, Illinois | Area west of Interstate 94 and north of Interstate 90 in Cook County, Illinois | MSW Disposal |
| Fort Wayne, Indiana | Allen, Kosciusko, and Whitley Counties, IN | MSW Disposal |
| Detroit, Michigan | Wayne, Macomb and Oakland Counties, MI | MSW Disposal |
| Rochester, Minnesota | City of Rochester, MN | SCCW Collection |
| St. Cloud, Minnesota | City of St. Cloud, MN | SCCW Collection |
| State College, Pennsylvania | Centre and Clearfield Counties, PA | MSW Disposal |
| Indiana County, Pennsylvania | Clarion, Jefferson, and Indiana Counties, PA | MSW Disposal |
| Fayette County, Pennsylvania | Fayette and Greene Counties, PA | MSW Disposal |
| Somerset County, Pennsylvania | Cambria and Somerset Counties, PA | MSW Disposal |
| Bedford County, Pennsylvania | Bedford County, PA | MSW Disposal |
| Greater Green Bay, Appleton, Oshkosh, Wisconsin | Brown, Outagamie, and Winnebago Counties, WI | MSW Disposal |

| Calumet County, Wisconsin | Calumet County, WI | SCCW Collection |
|---|---|---|
| Clark, Wisconsin | Clark and Taylor Counties, WI | SCCW Collection |
| Dane County, Wisconsin | Dane County, WI | SCCW Collection and MSW Disposal |
| Eau Claire, Wisconsin | Chippewa and Eau Claire Counties, WI | SCCW Collection and MSW Disposal |
| Fond du Lac and Sheboygan, Wisconsin | Dodge, Fond du Lac, Ozaukee, Sheboygan, and Washington Counties, WI | SCCW Collection and MSW Disposal |
| Greater Manitowoc, Wisconsin | Calumet, Kewaunee, and Manitowoc Counties, WI | MSW Disposal |
| Green Bay, Wisconsin | Brown and Outagamie Counties, WI | SCCW Collection |
| Green County, Wisconsin | Green County, WI | SCCW Collection and MSW Disposal |
| Green Lake, Wisconsin | Columbia, Green Lake, and Marquette Counties, WI | SCCW Collection |
| Jackson County, Wisconsin | Jackson County, WI | SCCW Collection |
| Janesville, Wisconsin | Jefferson, Rock, and Walworth Counties, WI | MSW Disposal |
| Jefferson County, Wisconsin | Jefferson County, WI | SCCW Collection |
| Kenosha County, Wisconsin | Kenosha County, WI | SCCW Collection |
| Kewaunee County, Wisconsin | Kewaunee County, WI | SCCW Collection |
| Langlade, Wisconsin | Langlade, Lincoln, Oneida, and Shawano Counties, WI | SCCW Collection |
| Manitowoc County, Wisconsin | Manitowoc County, WI | SCCW Collection |
| Mar-Oco, Wisconsin | Marinette and Oconto Counties, WI | SCCW Collection |
| Marathon, Wisconsin | Marathon, Portage, and Wood Counties, WI | SCCW Collection |
| Milwaukee, Wisconsin | Milwaukee, Racine, and Waukesha Counties, WI | SCCW Collection and MSW Disposal |
| Price County, Wisconsin | Price County, WI | SCCW Collection |
| Rock County, Wisconsin | Rock County, WI | SCCW Collection |
| Sauk County, Wisconsin | Sauk County, WI | SCCW Collection |
| St. Croix, Wisconsin | Pierce and St. Croix Counties, WI | MSW Disposal |
| Walworth County, Wisconsin | Walworth County, WI | SCCW Collection |
| Waupaca, Wisconsin | Waupaca County, WI | SCCW Collection |
| Waushara, Wisconsin | Waushara and Winnebago Counties, WI | SCCW Collection |